W. S. CONRAD and another *vs.* A. MARCOTTE and another.

June 14, 1876.

Assignment for Benefit of Creditors.—Prior to the passage of Laws 1876, *c.* 44, an assignment of personal property, in trust for the benefit of creditors, accompanied with such delivery to the assignee as the nature of the property admitted, was not required to be in writing. Gen. St. *c.* 41, § 9, has no reference to the *making* of assignments in trust for creditors.

*Evidence—Parol Agreement Reduced to Writing.—Parol evidence of a valid and completed verbal agreement is not excluded by the fact that the agreement is subsequently reduced to writing.*

This action was brought in the district court for St. Louis county, on January 21, 1875, against the defendant Marcotte, and on the same day Michael Pastoret was summoned as garnishee. Upon his disclosure, which was taken on February 24, 1875, it appeared that, at the time of service of the garnishee summons, he was indebted to the defendant Marcotte, in the sum of $300, upon an account, unless such account had been assigned to one J. H. Schierman prior to the service of the garnishee summons. Pastoret having been brought in as a defendant, by supplemental complaint, pursuant to Gen. St. c. 66, § 158, the action was tried before *Stearns*, J., who found the facts in regard to the alleged assignment as follows:

"That defendant Marcotte, prior to January 20, 1875, had become, and was, indebted to divers persons in an amount exceeding the sum of $2,000, which he was unable to pay; and thereupon, on said January 20, 1875, Marcotte, for the purpose of securing an equal distribution of his property among his creditors, by verbal agreement assigned and transferred to said Schierman all his property, including the debt so owing from said Pastoret; and on the same day Marcotte delivered to said Schierman all the property so assigned then in his possession, including said account against said Pastoret; and said Pastoret was, before the service of the said garnishee summons, duly notified of said assignment.

"That, on January 21, 1875, the agreement under which the property of Marcotte was so delivered to Schierman was reduced to writing, and duly executed and delivered by Marcotte to Schierman, and that the execution and delivery of said writing was subsequent to the service of the garnishee summons on Pastoret."

As a conclusion of law, the court found that the defendant

Pastoret was entitled to judgment against the plaintiffs for his costs and disbursements. Judgment was entered accordingly, and plaintiffs appealed.

*H. R. Murdock* and *H. F. Thompson*, for appellants.

*Ensign & Cash*, for respondent.

BERRY, J. Prior to the passage of Laws 1876, c. 44, an assignment of personal property in trust for the benefit of creditors, accompanied with such delivery to the assignee as the nature of the property permitted, was not required to be in writing. This was so because the general authority of the owner of property to dispose of the same for any lawful purpose was not qualified by any positive rule of law, making writing necessary to the validity of such assignments. *Curtis* v. *Norris*, 8 Pick. 280. The plaintiffs' counsel is mistaken in his claim that Gen. St. c. 41, § 9,[1] refers to the *making* of assignments in trust for creditors. Parol evidence of a valid and completed verbal agreement is not excluded by the fact that the agreement is subsequently reduced to writing.

Judgment affirmed.

[1] This section is as follows :

"Every grant or assignment of any existing trust in goods or things in action, unless the same is in writing, subscribed by the party making the same, or by his agent lawfully authorized, shall be void."